UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

XIANG LI,

                                          Plaintiff,

               v.                                                                 5:10-CV-0805
                                                                                            (LEK/GHL)

THE POST STANDARD, *et al.*,

                                          Defendants.
_____

APPEARANCES

XIANG LI, 09450-068
Plaintiff, *pro se*
Northeast Ohio Correction Center
2240 Hubbard Road
Youngstown, OH 44505

GEORGE H. LOWE, United States Magistrate Judge

### REPORT-RECOMMENDATION AND ORDER

Presently before the Court is a *pro se* complaint and a renewed application to proceed *in forma pauperis* filed by Plaintiff Xiang Li.[1] Dkt. Nos. 1, 13. For the reasons that follow, I recommend that the complaint be dismissed with prejudice and the application be denied as moot.

**I.    The Complaint**

Section 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine whether a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*. *See id.* The court also has the duty to show

---

[1] Plaintiff has filed numerous *pro se* actions in this District. *See Li v. Morrisville State College, et al.*, 5:07-CV-1302 (LEK-GHL) (appeal pending); *Li v. Iredell*, 5:10-CV-0799 (LEK-GHL) (pending); *Li v. Shelhamer, et al.*, 5:10-CV-0801 (LEK-GHL) (pending); *Li v. Duncan, et al.*, 5:10-CV-0802 (LEK-GHL) (pending); *Li v. Roberts, et al.*, 5:10-CV-0803 (LEK-GHL) (pending); *Li v. Weinstock, et al.*, 5:10-CV-0804 (LEK-GHL) (pending).

liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond. *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).

By way of background, Plaintiff was arrested for threatening faculty members at Morrisville State College, and after a jury trial was convicted of eleven counts of transmitting death threats in violation of 18 U.S.C. § 875. *See U.S. v. Li*, Case No. 5:07-CR-0272 (Dkt. No. 109) (sentencing Li to 114 months of imprisonment, restitution, and supervised release). Plaintiff's conviction was affirmed. *U.S. v. Li*, 381 Fed. Appx. 38 (2d Cir. 2010). Plaintiff filed a motion to vacate his conviction pursuant to 28 U.S.C. § 2255. Case No. 5:07-CR-0272 (Dkt. No. 131). The motion is pending.

In his complaint, Plaintiff alleges that Defendants Sue Weibazahi, Marine Eisenstadt, and Glenn Coin were "staff writers" at Defendant The Post-Standard, a newspaper. Dkt. No. 1. Plaintiff alleges that the staff writers made "defamatory, libelous, and false statements" about Plaintiff, which were published in The Post-Standard in 2007 and 2008. *Id.* Plaintiff also named "ABC News Corporation" as a defendant. Dkt. No. 1 at 1. Plaintiff asserts that this defendant "is the pseudo name for the parent company of [T]he Post-Standard." Dkt. No. 1. at 1.

Plaintiff asserts that he is suing the staff writers and The Post-Standard under New York Law for intentional infliction of emotional distress, defamation, libel, and prima facie tort, and pursuant to 42 U.S.C. § 1983. Dkt. No. 1 at 14.

### A.    42 U.S.C. § 1983

Section 1983 provides, in relevant part:

Every person who, *under color of any statute, ordinance, regulation, custom, or usage,*

> *of any State* . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

42 U.S.C. § 1983 (emphasis added).

A plaintiff cannot hold a defendant liable under § 1983 unless he can establish that the defendant acted under color of state law. *See* 42 U.S.C. § 1983; *see also Rounseville v. Zahl*, 13 F.3d 625, 628 (2d Cir. 1994) (noting state action requirement under § 1983). It is the plaintiff's duty to allege that the defendant acted under color of state law, and if a plaintiff fails to plead that element of his claim, a court may dismiss an action under 28 U.S.C. § 1915(e). *See, e.g.*, *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint in which the plaintiff failed to allege state action by defendants) (citations omitted).

Here, the staff writers and the newspaper are not state actors. Actions by journalists in publishing a newspaper article do not constitute the requisite "state action" to support state action claims. *See, e.g.*, *Fitzpatrick v. Wert*, 432 F. Supp. 601, 603 (W.D.N.Y. 1977) (journalists "cannot be held liable under 42 U.S.C. §§ 1983 or 1985 for doing that which is their constitutionally protected right as newsmen"). Moreover, a private newspaper does not act under color of state law by publishing newspaper articles. *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000) (dismissing § 1983 claim against newspaper and employees because they were not state actors, were not alleged to have engaged in state action, and in no way acted under the color of law), *aff'd* 29 Fed. Appx. 676, 2002 WL 243119 (2d Cir. 2002) (noting that "[e]ven assuming that plaintiffs adequately pleaded defendants' status as state actors, they did not describe a constitutional wrong. Plaintiffs' interest in protecting their reputation from defamation 'is neither liberty nor property recognized by state or federal law.' ");

*Brown v. Rehnquist*, No. 00 CV 7182, 2002 WL 32394848, at *4 (E.D.N.Y. May 1, 2002) (dismissing § 1983 claim against newspaper publishers because entities did not act under color of state law by publishing articles) (citing *Idema*), *aff'd Brown v. Wolstein*, 71 Fed. Appx. 96 (2d Cir. 2003), *cert. denied*, *Brown v. Wolstein*, 543 U.S. 930 (2004); *Skinner v. Dwyer*, No. 91-CV-238, 1992 WL 265995, at *2 (N.D.N.Y. 1992) ("section 1983 may not be used when it is alleged that a purely private defendant has deprived someone of a constitutional right . . . A newspaper does not act under color of law when it publishes information received from police or other state officials."). Thus, the staff writers and the newspaper are not state actors.[2]

Nevertheless, a private defendant may be held liable under Section 1983 for conspiring with a state actor to deprive a plaintiff of a constitutional right. *See Marion v. Groh*, 954 F. Supp. 39, 45 (d. Conn. 1997). Mere conclusory allegations of such an agreement are not enough. *E.g., Dwares v. City of New York*, 985 F.2d 94, 99 (2d Cir. 1993). Here, there is no indication of such a conspiracy. Accordingly, I recommend that the alleged § 1983 claim be dismissed with prejudice. *See Brown*, 2002 WL 32394848, at *4 (dismissing alleged conspiracy claim because plaintiff failed to adequately allege a conspiracy between newspaper and state officials); *Colon v. Town of West Hartford*, No. 3:00CV168, 2001 WL 45464, at *7 (D. Conn. Jan. 5, 2001) (dismissing alleged conspiracy claim where plaintiff vaguely alleged that newspaper, editor, and reporter conspired with state actors).

    **B.**    **Alleged State Law Claims**

Regarding the alleged claims of intentional infliction of emotional distress, defamation, libel,

---

[2] Additionally, regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation. *Paul v. Davis*, 424 U.S. 693, 699-701 (1976). For example, in *Davis*, an alleged defamation was held not to injure a property or liberty interest protected by the Constitution, because reputation is not a constitutional right, liberty or interest. *Id.*; *see also Siegert v. Gilley*, 500 U.S. 226 (1991).

and prima facie tort based on New York law, I recommend that these claims also be dismissed. "In the absence of original federal jurisdiction, the decision of whether to exercise jurisdiction over pendent state law claims is within the court's discretion." *Butler v. LaBarge*, No. 9:09-cv-1106 (GLS/DRH), 2010 WL 3907258, at *3 (N.D.N.Y. Sept. 30, 2010) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 121-22 (2d Cir. 2006)).  When all federal claims have been eliminated before trial, the balance of factors in deciding whether to exercise jurisdiction over remaining state law claims leans toward dismissal. *Id.*  However, a court may choose to exercise jurisdiction if a state law claim raises an important question of federal policy. *Butler*, 2010 WL 3907258, at *3 (citing *Kolari*, 455 F.3d at 122-23).  Here, Plaintiff has failed to establish a federal claim or an important issue of federal policy. Thus, in light of my recommendation that the Court dismiss Plaintiff's alleged § 1983 claim, I recommend that the Court decline to exercise pendant jurisdiction over Plaintiff's alleged state law claims.

      The Court notes that generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her complaint once before the complaint is dismissed. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, such leave is not required where any amended complaint would be futile due to the substantive nature of the fatal flaws in the original complaint.[3]  Here, the flaws in Plaintiff's complaint are substantive in nature such that better pleading would not cure them.  As a result, it would be futile to afford Plaintiff an opportunity to amend his complaint.  Accordingly, the Court recommends that no opportunity to amend the complaint be

---

[3] *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (an opportunity to amend should be denied where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it."); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted), *cert. denied*, 503 U.S. 960 (1992).

provided to Plaintiff.

**II.     Renewed application to proceed *in forma pauperis***

Plaintiff filed a renewed application to proceed *in forma pauperis*. Dkt. No. 13. In light of the Court's recommendations that the complaint be dismissed with prejudice and that no opportunity to amend the complaint be provided to Plaintiff, the Court recommends that the application be denied as moot. *See* 28 U.S.C. § 1915(e) (establishing the court's responsibility to determine that a complaint may be properly maintained before it may permit a plaintiff to proceed with an action *in forma pauperis*).

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the complaint be **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**RECOMMENDED**, that no opportunity to amend the complaint be provided to Plaintiff; and it is further

**RECOMMENDED**, that the renewed *in forma pauperis* application (Dkt. No. 13) be DENIED as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation & Order on Plaintiff by regular and certified mail along with copies of the electronically-available-only decisions cited herein.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of*

Case 5:10-cv-00805-LEK-GHL   Document 14   Filed 05/05/11   Page 7 of 7

*Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 5, 2011
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge

-7-