UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

XIANG LI,

                       Plaintiff,

    -against-                                 5:10-CV-0805 (LEK/GHL)

THE POST STANDARD, *et al.*,

                       Defendants.
_____

**<u>DECISION AND ORDER</u>**

      This matter comes before the Court following a Report-Recommendation filed on May 5, 2011, by the Honorable George H. Lowe, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York. Report-Rec. (Dkt. No. 14). After fourteen days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Plaintiff Xiang Li ("Plaintiff" or "Li"), which were filed on May 19, 2011. Objections (Dkt. No. 15).

      The Court is to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u> Where, however, an objecting "party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." <u>Farid v. Bouey</u>, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008) (quoting <u>McAllan v. Von Essen</u>, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007)) (citations and quotations omitted); see also Brown v. Peters, No. 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997). "A [district] judge . . . may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Plaintiff appears to raise three main arguments in his Objections. First, he claims that Defendants were acting under color of state law because the state officials quoted in the Post Standard articles about Plaintiff's prosecution "provided 'significant encouragement, either overt or covert'" to Defendants by giving them an "overwhelming amount of information" for Defendants' articles. Pl.'s Obj. at 2. Second, he contends that Defendants were "willful participants in the apparent joint activity with the state officials" because they did not publish any "true and positive comments" spoken about Plaintiff at his trial and did not attempt "to verify the truth and accuracy of those defamatory and false statements" about Plaintiff. Id. at 2-3. Third, Plaintiff argues that the Defendants "were clothed with the authority of state law" because Defendant Post Standard ("the Post Standard") "was authorized by the state government to publish newspapers in the State of New York." Id. at 3.

Plaintiff's first argument essentially reiterates the allegations in his Complaint – namely, that state officials provided Defendants with information about Plaintiff that Plaintiff claims was defamatory. See Pl.'s Obj. at 2. The Court therefore reviews only for clear error the portions of the Report-Recommendation relevant to this objection. Farid, 554 F. Supp. 2d at 307. Here, the Court finds no such error in the Magistrate Judge's conclusion that Defendants' publication of information given to them by state officials does not establish a conspiracy between Defendants and state officials.

The Court reviews *de novo* the allegations that Plaintiff raises in his Objections that Defendants were willful participants in joint activity with state officials because Defendant Coin did not publish "true and positive comments" about Plaintiff during his trial, and made no attempt to

verify the accuracy of state officials' statements. Pl.'s Obj. at 2-3. Plaintiff seems to argue that these factors evince a deliberate plan between Defendants and state officials because "negligence is hardly an explanation because of the astonishing number of defamatory statements." Id. at 2. Even according this argument review *de novo*, the Court concludes that such an allegation is insufficient to show any "agreement or meeting of the minds" between Defendants and state officials to violate Plaintiff's constitutional rights. Colon v. Town of West Hartford, No. 3:00CV168, 2001 WL 45464, at *7 (D. Conn. Jan. 5, 2001).

Finally, reviewing *de novo* Plaintiff's objection that Defendants are clothed with the authority of state law because the Post Standard is "authorized by the state government to publish newspapers in the State of New York," the Court finds that it has no merit. Pl.'s Obj. at 3. First, the case to which Plaintiff cites in support of this argument is wholly inapposite because the defendant in that case was a prison physician rather than a newspaper or journalist. See West v. Atkins, 487 U.S. 42, 49 (1988). Second, the Post Standard is not "authorized" to publish newspapers in the state of New York; on the contrary, publishing newspapers articles is a "constitutionally protected right" of journalists, and they may not be held liable under § 1983 for doing precisely that. Fitzpatrick v. Wert, 432 F. Supp. 601, 603 (W.D.N.Y. 1977). Moreover, to find otherwise "would be to declare all news outlets state actors and to justify section 1983 actions by criminal defendants whenever there has been pretrial publicity of any sort or content." Skinner v. Dwyer, No. 91-CV-238, 1992 WL 265995, at *2 (N.D.N.Y. Sept. 9, 1992) (quoting and adopting argument in defendant newspaper's memorandum of law at 5). For all of the foregoing reasons, the Court rejects Plaintiff's objections and adopts the findings in the Report-Recommendation.

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice** for failure to state a claim on which relief may be granted; and it is further

**ORDERED**, that no opportunity to amend the Complaint is provided to Plaintiff; and it is further

**ORDERED**, that Plaintiff's renewed Application to proceed *in forma pauperis* (Dkt. No. 13) is **DENIED** as moot; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by regular and certified mail, along with a copy of the decision available only electronically and cited herein.

**IT IS SO ORDERED.**

DATED:	June 16, 2011
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge